## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARTMUT GRAEWE, | : | CIVIL NO: 4:15-CV-02002 |
| | : | |
| Petitioner, | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| WARDEN S. SPAULDING, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

### I.  Introduction.

Plaintiff Hartmut Graewe, an inmate presently incarcerated in the Federal Correctional Institution at Allenwood in White Deer, Pennsylvania (FCI-Allenwood) filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.   Graewe alleges that the Federal Bureau of Prisons (BOP) erroneously determined that he is not eligible for parole.   Respondent S. Spaulding is the warden at FCI-Allenwood.   Because Graewe's claim has already been addressed by the United States District Court for the Northern District of West Virginia and the United States Court of Appeals for the Fourth Circuit, we recommend that Graewe's present petition be dismissed as successive.   We also recommend that Graewe's request for leave to file a supplemental pleading, his

motion for leave to present the sentencing transcript, and his motion to compel be

denied.


## II.  Background and Procedural History.

In 1983, Graewe was sentenced in the United States District Court for the

Northern District of Ohio for the following:

- 20 years for Count 1—"Conspiring with Others in Conducting an Enterprise of Racketeer Influenced and Corrupt Organizations, in violation of 18 U.S.C. § 1961 and § 1962(d)"—to run concurrently with Count 2 and consecutively to all other counts;
- Life imprisonment for Count 2—"Operating a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848";
- 5 years each for Counts 3 through 21—"Interstate Travel in Aid of Racketeering, in violation of 18 U.S.C. § 1952(a) and § 2"—to run consecutively to each other, but concurrently with Count 2;
- 15 years, with a three year special-parole term, for Count 35—"Possessing and Aiding and Abetting in the Possession of, with Intent to Distribute, a Schedule II Controlled Substance, to-wit, Cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2"—to run concurrently with Count 2 and consecutively with all other counts;
- 4 years each for Counts 40 through 48, 50, 51, 53-55, 57 and 58—"Use of a Telephone to Facilitate Distribution of [a] Scheduled I Controlled Substance, to-wit, Marijuana, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2"—to run consecutively to each other, but concurrently with Count 2.

*Graewe v. O'Brien*, No. 1:12-CV-103, 2013 WL 676273, at *1 (N.D. W.Va. Feb. 25, 2013), *aff'd*, 538 F. App'x 324 (4th Cir. 2013).

Graewe filed the present petition for a writ of habeas corpus on October 15, 2015, alleging that the BOP incorrectly determined that his sentence was "life (without parole)" and thus erroneously denied him the right to see the Parole Board. *Doc. 1* at 2.   Graewe requests the Court to order his release from custody so he "can be deported to Germany" as he is claiming to be a "German National." *Id.* at 8.   We ordered the respondent to show cause why Graewe should not be granted habeas relief.   The respondent submitted a response and Graewe subsequently filed a traverse.   With leave of Court, the respondent filed a sur-reply brief responding to new allegations raised in Graewe's traverse.   Also with leave of court, Graewe then filed a sur-traverse.

On May 24, 2016, raising the issue *sua sponte*, we ordered Graewe to show cause why his habeas petition should not be dismissed as barred by 28 U.S.C. § 2244(a) because his claim was previously addressed by the United States District Court for the Northern District of West Virginia and the United States Court of Appeals for the Fourth Circuit.   After Graewe filed a response to this order, we ordered the respondent to file a reply, which respondent did on June 27, 2016.   On July 20, 2016, Graewe filed a request for leave to file a supplemental pleading and a

motion for leave to present the sentencing transcript.   On August 25, 2016, he filed

a motion to compel disposition of the petition, in which he repeats the arguments he

makes in his petition.

Because the United States District Court for the Northern District of West

Virginia and the United States Court of Appeals for the Fourth Circuit previously

addressed the claims that Graewe raises in this case, we recommend that his petition

for a writ of habeas corpus be dismissed and that his pending motions be denied.


## III.   Discussion.

When a prisoner files a successive petition for habeas corpus relief, the abuse

of the writ doctrine may bar his claim. *Furnari v. U.S. Parole Comm'n*, 531 F.3d

241, 250 (3d Cir. 2008).   "[T]he abuse of writ doctrine precludes inmates from

relitigating the same issues in subsequent petitions *or* from raising new issues that

could have been raised in an earlier petition." *Boardley v. Grondolsky*, 343 Fed.

App'x. 837, 839-40 (3d Cir. 2009) (emphasis in original) (citing *McCleskey v.*

*Zant,* 499 U.S. 467, 489 (1991)). The doctrine is set forth in part in 28 U.S.C.

§ 2244(a):

> No circuit or district judge shall be required to entertain an
> application for a writ of habeas corpus to inquire into the
> detention of a person pursuant to a judgment of a court of the

4

> United States if it appears that the legality of such detention has
> been determined by a judge or court of the United States on a
> prior application for a writ of habeas corpus, except as provided
> in section 2255.

28 U.S.C. § 2244(a) is applicable to successive petitions brought under 28 U.S.C.

§ 2241. *Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008).

   "[A] court may grant controlling weight to a denial of a prior application for

habeas corpus when three criteria are met: (1) the same ground presented in the

successive application was determined adversely to the applicant on the previous

application; (2) the previous determination was made on the merits; and (3) 'the

ends of justice' would not be served by reaching the merits of the subsequent

application." *Furnari,* 531 F.3d at 250 (citing *Sanders v. United States,* 373 U.S. 1,

9 (1963)).   Although the burden generally falls to the government to plead abuse of

the writ, the court may raise the issue *sua sponte* as long as it "provides the petitioner

with notice and an opportunity to respond." *McCarthy v. Warden, USP Lewisburg*,

No. 1:10–CV–1673, 2010 WL 5775089, at *2 (M.D. Pa. Dec. 8, 2010) (citing

*Stanko v. Davis,* 617 F.3d 1262, 1271 (10th Cir. 2010) (internal citations omitted)).

   In the present action, we raised the abuse of the writ issue in our May 24,

2016, Order and subsequently provided Graewe with an opportunity to show cause

as to why his habeas petition is not barred by 28 U.S.C. § 2244(a).   Graewe

5

responded, and the respondent later replied that Graewe's habeas petition is indeed barred by § 2244(a).

"[O]nce the Government has made a claim of abuse of the writ, the burden shifts to the petitioner to show that 'the ends of justice' would be served by the court entertaining his petition, a showing that the petitioner satisfies by supplementing his claim by making a 'colorable showing of factual innocence.'" *Furnari,* 531 F.3d at 251 (quoting *Kuhlmann v. Wilson,* 477 U.S. 436, 454 (1986)).

Graewe previously litigated the claims he sets forth in the present action in a §2241 habeas petition filed in 2012 in the United States District Court for the Northern District of West Virginia. *Graewe*, 2013 WL 676273, at *1.   There, Graewe alleged that the BOP improperly determined that he was not eligible for parole. *Id*.   The Northern District of West Virginia rejected Graewe's claim on the merits:

> At the time of Graewe's conviction, 21 U.S.C. § 848(c) provided that "[i]n the case of any sentence imposed under this section . . . section 4202 of Title 18 . . . shall not apply."   When this statute was originally enacted in 1970, the cross-reference directed the reader to 18 U.S.C. § 4202, the general parole eligibility statute.   Congress, however, repealed Section 4202 on March 15, 1976, and replaced it with a provision that provided for the creation of parole commissions. *See Parole Commission and Reorganization Act,* Pub.L. 94–233, 90 Stat. 219 (1976), *codified at* 18 U.S.C. §§ 4201–4218 (repealed Nov. 1, 1987).   At the same time, it recodified and incorporated

former Section 4202 into 18 U.S.C. § 4205. *Id.*   Nevertheless, as Graewe points out, Congress did not enact a corresponding change to the cross-reference in 21 U.S.C. § 848(c).

　　　Graewe contends that Section 848(c)'s cross-reference to Section 4202, as it was not updated subsequent to the statutory reshuffling in 1976, "had nothing whatsoever to do with parole eligibility" when he was convicted in 1983. (Dkt. No. 30 at 5). Every court to address this issue, however, has found that individuals who violated 21 U.S.C. § 848 prior to November 1, 1987 committed a non-parolable offense. *See United States v. Bello,* 767 F.2d 1065, 1066–67 (4th Cir.1985) (citing the relevant version of Section 848(c) and noting that "[b]y statute, no parole is available on a sentence imposed for engaging in a continuing criminal enterprise"); *see also Gallardo v. Quinlan,* 874 F.2d 186, 187–88 (3d Cir.1989) (explaining that individuals who violated § 848 prior to November 1, 1987, committed a non-parolable offense); *United States v. Valenzuela,* 646 F.2d 352, 354 (9th Cir.1980) ("Congress clearly intended to make parole unavailable to those who violated section 848. There is no indication that Congress intended to change this penalty when it re-enacted the parole statutes."). Again, then, the petitioner's arguments stand contrary to established law.

2013 WL 676273, at *2–3 (footnotes omitted).   The court also rejected Greawe's contention that 21 U.S.C. § 848(c) is inapplicable to him because that subsection was not cited in his indictment or judgment order, as well as his contention that the fact that his concurrent sentence for Count 35 included a special-parole term indicates that his sentence as a whole was meant to be parole eligible. *Id*.   The Northern District of West Virginia denied Graewe's habeas corpus petition and dismissed his case with prejudice. *Id*. at 3.   The Fourth Circuit subsequently

7

affirmed the district court. *Graewe v. O'Brien*, 538 Fed.Appx. 324 (4th Cir. 2013).

Thus, the first and second requirements for application of the abuse-of-the-writ

doctrine are satisfied.

The third requirement is also satisfied because Graewe has not shown that the

ends of justice would be served by reaching the merits of his claim.   Although

Graewe contends that a June 19, 2015, Order of the sentencing court demonstrates

his eligibility for parole, contrary to Graewe's suggestion, that order does not show

that Graewe is eligible for parole.   Rather, the sentencing court entered its June 19,

2015, Order in response to Graewe's "Motion to Correct an Illegal Sentence," in

which Graewe alleged that the court had sentenced him to "life without the

possibility of parole" and he requested that the court redact the "without possibility

of parole" language from his sentence. *See Doc. 6* in *United States v. Graewe*,

1:82-cr-00119 (N.D. Ohio).   The United States responded to that motion by

asserting that the words "without the possibility of parole" do not appear on the

judgment and, therefore, contrary to Graewe's assertion, there is nothing to redact.

*Id.* at *Doc. 7.*   The June 19, 2015, Order denied Graewe's motion:

> Before the Court is Petitioner Harmut Graewe's Motion to
> Correct Illegal Sentence (Doc. No. 6), asserting the trial court
> erred in sentencing him to life in prison "without possibility of
> parole."   The Response to Motion filed [by] Respondent United
> States demonstrates, however, that Graewe's life sentence was

8

> *not* imposed without the possibility of parole.   The premise of
> his Motion is therefore erroneous.

*Id*. at *Doc. 8*.   The June 19, 2015, Order does not show that the court considered

whether an individual, such as Graewe, who violated § 848 prior to November 1,

1987, committed a non-parolable offense.   The Order is not a material change to

Graewe's sentence.   Therefore, to the extent that Graewe argues that the sentencing

court's Order impacts his present habeas petition, Graewe is wrong.   Accordingly,

Graewe has not met his burden to demonstrate that the "ends of justice" would be

served if this court were to consider his habeas petition.   We therefore recommend

that Graewe's present petition be dismissed as successive and that his request to file

a supplemental pleading, his motion for leave to present the sentencing transcript,

and his motion to compel be denied.

## IV.   <u>Recommendation.</u>

Accordingly, **WE RECOMMEND** that Graewe's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 be **DISMISSED** and that his pending

motions (docs. 18, 19, & 20) be **DENIED**.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in

9

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.   Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.   The briefing requirements set forth in Local Rule 72.2 shall apply.   A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.   The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.   The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 7th day of September, 2016.

_**S/Susan E. Schwab**_
Susan E. Schwab
United States Magistrate Judge